IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| **In re:** § § | | |
| **Garlock Sealing Technologies LLC, et al.,** § § | § | **Case No. 10-BK-31607** |
| § | § | **Chapter 11** |
| Debtors. § § § § § | | |
| **Garlock Sealing Technologies LLC and Garrison Litigation Management Group, Ltd.,** § § § § | § § | **Adversary Proceeding No. 14-AP-3036** |
| Plaintiffs, § § | | |
| v. § § | | |
| **Belluck & Fox, LLP, Joseph W. Belluck and Jordan Fox,** § § § § | | |
| Defendants. § | | |

## MOTION TO WITHDRAW THE REFERENCE

Defendants Belluck & Fox, LLP, Joseph W. Belluck and Jordan Fox hereby move, pursuant to 28 U.S.C. § 157(d) and Rule 5011 of the Federal Rules of Bankruptcy Procedure, for entry of an order withdrawing the reference of the above-captioned adversary proceeding to the United States Bankruptcy Court for the Western District of North Carolina. Defendants request oral argument on this motion to assist the Court in evaluating the numerous factors involved in its resolution.

As set forth in greater detail in the Memorandum accompanying this Motion, the Court should promptly withdraw the reference in this case. Plaintiffs Garlock Sealing Technologies LLC and Garrison Litigation Management Group, Ltd. (together, "Garlock") have accused the

Defendants – a law firm and its two founding partners – of violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"), common law fraud and civil conspiracy for their work representing terminally ill clients seeking compensation for injuries caused by exposure to asbestos products.

Defendants intend to file early dispositive motions, which the bankruptcy court cannot decide. All parties agree that this is a non-core proceeding and that any trial will be before a jury, which the bankruptcy court cannot conduct absent the consent of the parties. Defendants have not, and will not, give such consent.

Further, the bankruptcy is being reassigned from Judge Hodge, who has been handling the matter for years, to Judge Whitley, who has had limited experience thus far with the facts or the parties involved in this complex RICO case.

Simply put, the bankruptcy court is not the appropriate venue to resolve this matter. Maintaining the reference, even if only for pretrial purposes, will lead to unnecessary delay, inefficiencies and increased costs to the parties. Moreover, each of the elements courts generally consider when determining whether to withdraw the reference is satisfied here. Withdrawing the reference now is both the appropriate and the practical thing to do.

Accordingly, Defendants respectfully request that this Court grant their motion and withdraw the reference for this adversary proceeding.

This the 14th day of March, 2014.

/s/ Sara W. Higgins
Sara W. Higgins
N.C. Bar Number 22111
Raymond E. Owens, Jr.
N.C. Bar Number 8439
HIGGINS & OWENS, PLLC
5925 Carnegie Blvd., Suite 530

        Charlotte, NC 28209
        Tel:  (704) 366-4607
        Fax:  (704) 749-9451
        shiggins@higginsowens.com

        James Sottile
        Benjamin Voce-Gardner
        ZUCKERMAN SPAEDER LLP
        1185 Avenue of the Americas
        31st Floor
        New York, NY 10036-2603
        Tel: (212) 704-9600
        Fax: (212) 704-4256

        Caroline E. Reynolds
        ZUCKERMAN SPAEDER LLP
        1800 M Street N.W., Suite 1000
        Washington, DC  20036
        Tel:  (202) 778-1800
        Fax:  (202) 822-8106

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      The undersigned attorney for Defendants certifies that a copy of the foregoing Motion to Withdraw Reference has been served on the following attorneys for the parties in this action by electronic filing as follows:

        Louis A. Bledsoe, III (lbledsoe@rbh.com)
        Garland S. Cassada (gcassada@rbh.com)
        Jonathan C. Krisko (jkrisko@rbh.com)
        D. Blaine Sanders (bsanders@rbh.com)
        Richard C. Worf (rworf@rbh.com)

This 14th day of March, 2014.

                /s/ Sara W. Higgins
                Sara W. Higgins